```
              UNITED STATES DISTRICT COURT              FILED
              NORTHERN DISTRICT OF ALABAMA
                  NORTHEASTERN DIVISION             99 OCT 29 AM 10:30

                                                    U.S. DISTRICT COURT
STEVE DONALDSON and TIM           )                   N.D. OF ALABAMA
DONALDSON and ROGER BROWN,        )
individually and d/b/a BROWN      )                      ENTERED
FARMS, a partnership, and         )
on behalf of all others           )                      OCT 29 1999
similarly situated,               )
                                  )
     Plaintiffs,                  )
                                  )
vs.                               )  Civil Action No. CV-99-S-2469-NE
                                  )
DEGUSSA-HULS CORPORATION,         )
DEGUSSA-HULS AG, RHONE-           )
POULENC S.A., RHONE-POULENC       )
ANIMAL NUTRITION, INC., RP        )
INC., MITSUI & CO., LTD.,         )
NIPPON SODA COMPANY, LTD.,        )
NOVUS INTERNATIONAL, INC.,        )
                                  )
     Defendants.                  )
```

## MEMORANDUM OPINION

This action is before the court on plaintiffs' motion to remand. Upon considerations of the motion, briefs, and pleadings, this court finds that the motion is due to be granted.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs originally filed this action in the Circuit Court of Cullman County, Alabama, on August 10, 1999. Plaintiffs sue individually and also allege a class action on behalf of "all persons or entities who <u>indirectly</u> purchased methionine[1] from any

---

[1] Methionine is one of ten amino acids that is crucial to the diet of commercial poultry. (*See* Memorandum of law in support of motion to remand, Exhibit "B," at ¶¶ 4-6.)

of defendants or their co-conspirators from January 1, 1985 to the present, for use in connection with agricultural operations in the State of Alabama and not for resale." (Joint notice of removal at Exhibit "A," ¶ 22 (emphasis supplied).)[2] They allege defendants violated the antitrust laws of the State of Alabama by "fixing prices, allocating market share, and committing other unlawful practices designated to inflict an <u>intrastate</u> injury upon Alabama consumers by inflating the prices of methionine sold in Alabama." (*Id.* at Exhibit "A," ¶ 1 (emphasis supplied).) Plaintiffs rely on sections 8-10-1[3] and 6-5-60[4] of the Code of Alabama in seeking to

---

[2] As indirect purchasers, plaintiffs did not purchase methionine directly from the allegedly price-fixing defendants. Rather, they purchased a food product into which the methionine was incorporated by a prior purchaser. See generally *California v. ARC America Corporation*, 490 U.S. 93, 97, 109 S.Ct. 1661, 1663, 104 L.Ed.2d 86 (1989).

[3] Ala. Code § 8-10-1 (emphasis supplied) provides:

> Any person or corporation who engages or agrees with other persons or corporations or enters, <u>directly or indirectly</u>, into any combination, pool, trust, or confederation to regulate or fix the price of any article or commodity to be sold or produced within this state or any person or corporation who enters into, becomes a member of or party to any pool agreement, combination, or confederation to fix or limit the quantity of any article or commodity to be produced, manufactured, mined, or sold in this state must be fined, on conviction, not less than $500 nor more than $2000.

[4] Ala. Code § 6-5-60 (emphasis supplied) provides:

> (a) Any person, firm, or corporation injured or damaged by an unlawful trust, combine or monopoly, or its effect, <u>direct or indirect</u>, may, in each instance of such injury or damage, recover the sum of $500 and all actual damages from any person, firm, or corporation creating, operating, aiding, or abetting such trust, combine, or monopoly and may commence the action therefor against any one or more of the parties to the trust, combine, or monopoly, or their attorneys, officers, or agents, who aid or abet such trust,

recover injunctive relief, monetary damages, and attorneys' fees from defendants. (*See id.* at Exhibit "A," ¶ 2.)

On September 15, 1999, the three defendants that had been served filed a joint notice of removal,[5] in accordance with 28 U.S.C. § 1441(a).[6] They contend removal was proper, because plaintiffs had engaged in "artful pleading." They argue that plaintiffs' complaint states claims which are cognizable only under the <u>federal</u> antitrust laws regulating <u>interstate</u> commerce, not the

---

combine, or monopoly. All such actions may be prosecuted to final judgment against any one or more of the defendants thereto, notwithstanding there may be a dismissal, acquittal, verdict, or judgment in favor of one or more of the defendants.

(b) Actions under this section may be commenced in any county where the trust, combine, or monopoly was formed or where it exists or is carried on, promoted, operated, practiced, employed, used, or enjoyed, or in any county in which either of the defendants may have a domicile or where an officer or agent of any defendant corporation may be found.

[5] Defendants Degussa-Huls Corporation, Rhone-Poulenc Animal Nutrition, Inc., and Novus International, Inc., the three defendants served as of September 15, 1999, filed the notice of removal. See 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3731, at 274 (3d ed. 1998) ("Thus, as many cases have held, defendants who are not served may be ignored, both for jurisdictional purposes and for the purposes of requiring their joinder in the notice of removal.") In their motion to remand, plaintiffs do not argue that removal was improper based on the failure of all defendants to join in the notice.

[6] 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

3

antitrust laws of the State of Alabama regulating <u>intrastate</u> commerce.[7] Defendants note that all named defendants save one, Degussa-Huls Corporation, are incorporated, and have their principal places of business, outside Alabama. Finally, defendants contend that cases "nearly identical" to the one before this court are pending before the Judicial Panel on Multidistrict Litigation.

Plaintiffs answered the notice of removal with a motion to remand on September 28, 1999. They point to paragraph six of their complaint, which reads: "Plaintiffs state, and intend to state, causes of action solely under state law and specifically denies any attempt to state a cause of action under the federal laws of the United States of America." (*Id.* at Exhibit "A," ¶ 6.) Plaintiffs reiterate in their motion to remand that their claims focus solely on any alleged interference with <u>intrastate</u> commerce by defendants. In fact, plaintiffs concede that the Alabama Code provisions upon which they base their claims do not provide a cause of action for interferences with <u>interstate</u> commerce, and that defendants may avail themselves of that defense in a proceeding in Alabama state court.

---

[7] Defendants contend solely that this court has "federal question" jurisdiction over this action. *See* 28 U.S.C. § 1331. They do not argue this court may exercise diversity or supplemental jurisdiction over this action. *See* 28 U.S.C. §§ 1332, 1367.

Plaintiffs also distinguish their claims from the actions pending before the Judicial Panel on Multidistrict Litigation, because their suit focuses on <u>indirect</u> purchasers of methionine. Plaintiffs contend their lawsuit is not "virtually identical" to those pending before the multidistrict panel, because those actions focus on the rights of <u>direct</u> purchasers of methionine. Therefore, plaintiffs conclude that no "federal question" exists for this court to rule upon, thereby depriving it of subject matter jurisdiction.

## II. DISCUSSION

Defendants seeking removal bear the burden of showing that the district court has jurisdiction. *See Cabalceta v. Standard Fruit Company*, 883 F.2d 1553, 1561 (11th Cir. 1989). Defendants' burden of proof is a heavy one: "The removal statute is interpreted strictly[,] with remand being favored when removal jurisdiction is in doubt." *Four Way Plant Farm, Inc. v. NCCI*, 894 F. Supp. 1538, 1542 (M.D. Ala. 1995) (citing *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

The United States Supreme Court has explained that the plaintiff is the "master" of his or her complaint:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which

5

> provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. ... The rule makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (internal citation and footnote omitted). An exception to the "well-pleaded complaint" rule is the "artful pleading" doctrine, which occurs when a plaintiff characterizes a cause of action based on federal law in the form of a state law claim:

> A corollary of the well-pleaded complaint rule is the artful-pleading doctrine. Stated in the most general terms, the doctrine provides that a plaintiff cannot frustrate a defendant's right of removal by carefully pleading the case without reference to any federal law. Although it is true that the plaintiff is considered master of his complaint and may choose not to assert a federal right and thus rely only on rights created under state law, when the causes of action in the plaintiff's complaint, if properly pled, would make the case removable, the plaintiff cannot disguise inherently federal causes of action.

14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3722, at 436 (3d ed. 1998) The parties agree that the dispositive question before this court is whether plaintiffs engaged in "artful pleading." If they did so, this court must deny plaintiffs' motion to remand.

This court finds that plaintiffs did not engage in "artful pleading." Thus, the motion to remand is due to be granted, and plaintiffs may pursue the state-law based allegations within their "well-pleaded" complaint in the Circuit Court of Cullman County, Alabama.

The statutory provisions relied on by plaintiffs in their complaint, sections 8-10-1 and 6-5-60 of the Code of Alabama, create a viable cause of action for plaintiffs against these defendants. The Alabama Supreme Court recently reiterated that section 6-5-60 permits plaintiffs to recover for illegal transactions involving <u>intrastate</u> commerce. *See Abbott Laboratories v. Durrett*, 1999 WL 424338, at *21 (Ala. June 25, 1999) (noting that regulation of intrastate commerce is within the exclusive domain of the states); *Archer Daniels Midland Company v. Seven Up Bottling Company of Jasper, Inc.*, 1999 WL 424226, at *2 (Ala. June 25, 1999) (noting that section 6-5-60 was not intended to permit recovery for interferences with interstate commerce).

These decisions comport with the United States Supreme Court's decision in *California v. ARC America Corporation*, 490 U.S. 93, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989), where the Court held that state indirect purchaser statutes, particularly the one in effect in

Alabama, were not preempted by the Sherman Act, 15 U.S.C. § 1. *See id.* at 101-02, 109 S.Ct. at 1665 ("State [antitrust] laws ... are consistent with the broad purposes of the federal antitrust laws: deterring anticompetitive conduct and ensuring the compensation of victims of that conduct."); *see also* In re *Brand Name Prescription Drugs*, 123 F.3d 599, 611 (11th Cir. 1997) ("The states are free to enact their own antitrust laws, reaching the same conduct as the federal laws except insofar as the states' power to regulate economic activities in other states is limited by the commerce and due process clauses of the federal Constitution.")

Based on the above authority, defendants' assertion that plaintiffs' claims actually seek relief under federal law regulating interstate commerce rings hollow. Judge Vollmer of the Southern District of Alabama succinctly summarized this point in a similar case:

> The court is of the opinion that whether plaintiffs' allegations implicate interstate commerce misses the point. The point is simply this: plaintiffs have alleged conduct which, if proven, violates Alabama antitrust laws. If plaintiffs prove a violation of federal antitrust laws but do not prove a violation of the Alabama antitrust laws, then they will recover nothing, no matter how egregious the federal law violations may be.
>
> ...

8

> ... The court will not re-write plaintiffs' complaint to allege violations of the federal antitrust laws in place of or in addition to the detailed and lengthy state law allegations drafted by licensed, experienced attorneys.

*Lovelace v. Amerada Hess Corporation*, Civil Action No. 1:96-1028-RV-C, at 8 (S.D. Ala. April 1, 1997) (unpublished opinion); *see also Four Way Plant Farms, Inc. v. NCCI*, 894 F. Supp. 1538, 1544 (M.D. Ala. 1995) ("If [plaintiffs'] only possible claim is actually federal, that does not mean that they will recover in state court on a federal claim; it means they will lose their lawsuit.").

Defendants' argument that plaintiffs' motion should be denied, because plaintiffs intended to deprive defendants of the benefit of a federal forum, is without merit. Plaintiffs' intent in filing their action in state court base upon state law is clear from paragraph six of their complaint, where they assert that defendants violated only the laws of the State of Alabama by committing antitrust violations in <u>intrastate</u> commerce. Plaintiffs made a conscious choice not to pursue redress against defendants based on federal antitrust statutes.[8] It cannot be inferred from this

---

[8] 15 U.S.C. § 15(a) (emphasis supplied) provides, in relevant part:

[A]ny person who shall be injured in his business or property by reason of <u>anything forbidden in the antitrust laws</u> may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover <u>threefold</u> the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

9

decision that plaintiffs somehow intended to deprive defendants of a federal forum. Instead, that result follows logically and necessarily from plaintiffs' proper pleading. *See Four Way Plant Farms*, 894 F. Supp. at 1542.[9]

Also, defendants' assertion that federal law is a "necessary element" of plaintiffs' complaint is without merit. Sections 8-10-1 and 6-5-60 of the Code of Alabama comprise the necessary elements of plaintiffs' claims against these defendants. The construction and applicability of these statutory provisions, based on alleged violations of intrastate commerce, is best left to the courts of the State of Alabama, in the absence of an independent basis of federal jurisdiction. Accordingly, plaintiffs' motion to remand is due to be granted. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

---

Given that "treble damages" are available under federal law, it appears plaintiffs have made a considerable sacrifice in limiting themselves to state law claims.

[9] In *Four Way Plant Farms*, Judge Albritton of the Middle District of Alabama interpreted the "artful pleading" doctrine narrowly, noting that it only applies in two situations: (1) where "plaintiff brings a cause of action in federal court and loses" and "then brings a similarly or identically worded complaint in state court"; and (2) where "the claim brought by plaintiff in state court is based on subject matter that is completely preempted by federal law." *Four Way Plant Farms*, 894 F. Supp. at 1542. Interpreting section 6-5-60 with the facts of the case before him, Judge Albritton noted that neither of these two situations was present, and that remand was proper.

DONE this the 29th day of October, 1999.

_____
United States District Judge

11